UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No. 17-cv-04986-HSG<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 53 |

Pending before the Court is Defendant Oakland Unified School District's motion for attorneys' fees and costs. Dkt. No. 53. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

I.  **BACKGROUND**

The parties are familiar with the facts of this case, so the Court only briefly addresses them here. The Court also fully incorporates the factual background from its prior order granting summary judgment. *See* Dkt. No. 51 at 1–7.

On August 28, 2017, Plaintiff J.M., a minor, by and through her parent Marla McDonald, sued for attorneys' fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3). *See* Dkt. No. 1. Plaintiff claimed that she was the "prevailing party" in the underlying administrative proceedings, and thus entitled to attorneys' fees, because the administrative law judge ("ALJ") ordered the District to (1) provide J.M. with certain educational records that the District had withheld over J.M.'s repeated requests; and (2) identify a different interim alternative education setting ("IAES") for J.M. that met the criteria that J.M.'s expert witness, at least in part, had developed. *Id.* at ¶¶ 10–16; *see also* Dkt. No. 1-1, Ex. A; Dkt. No. 1-

2. Ex. B.

The District moved for summary judgment, *see* Dkt. No. 37, and on December 13, 2018, the Court granted the District's motion, Dkt. No. 51. In doing so, the Court held that the relief Plaintiff obtained was "technical, de minimis, or ephemeral," and that Plaintiff was therefore not entitled to attorneys' fees as a prevailing party under the IDEA. *Id.* at 11–14. The Court reasoned that obtaining the additional educational records was "not a benefit J.M. sought in bringing suit but merely a tool to help her achieve victory." *Id.* at 12. The Court additionally found that Plaintiff's argument that her expert "set forth the placement criteria" for the IAES placement was "simply not borne out by the record": Ms. McDonald ultimately objected to the criteria themselves, and the ALJ ultimately rejected Plaintiff's recommended IAES in favor of the District's recommendation. *Id.* at 12–13. The Court also noted that even if Plaintiff were a prevailing party, it would exercise its discretion not to award attorneys' fees "based on the totality of the record" in this case. *Id.* at 14.

Following the order granting the motion for summary judgment, the District filed the instant motion for attorneys' fees, seeking fees under § 1415 of the IDEA, or in the alternative, as sanctions pursuant to Federal Rule of Civil Procedure 11. *See* Dkt. No. 53. Plaintiff, in turn, appealed the Court's order granting summary judgment to the Ninth Circuit. *See* Dkt. No. 56 (Case No. 19-16075). The Court held the District's motion for attorneys' fees in abeyance pending Plaintiff's appeal. *See* Dkt. No. 61. The Ninth Circuit affirmed the Court's order on February 21, 2020, and the mandate issued on March 16, 2020. *See* Dkt. Nos. 63, 64. The Court therefore now considers the District's motion for attorneys' fees.

**II.   LEGAL STANDARD**

   **A.   IDEA**

"Section 1415 of the IDEA allows prevailing defendants in IDEA cases to recover fees from the attorney of a parent and from a parent in certain rare circumstances." *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1244 (9th Cir. 2015). "A prevailing school district may recover attorney's fees against the parent's attorney where the complaint is 'frivolous, unreasonable, or without foundation' (the 'frivolous prong')" or "'if the parent's complaint or subsequent cause of

action was presented for any improper purpose' (the 'improper purpose prong')." *Id.* (quoting 20 U.S.C. § 1415(i)(3)(B)(i)(II)–(III)). Improper purposes include filings intended "to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(III).

### B. Rule 11

Federal Rule of Civil Procedure 11 imposes upon attorneys a duty to certify that they have read any pleadings or motions they file with the court and that such pleadings and motions are well-grounded in fact, have a colorable basis in law, and are not filed for an improper purpose. *See* Fed. R. Civ. P. 11(b). Rule 11 authorizes sanctions for its violation and serves to "reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, . . . [thereby] avoid[ing] delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (alterations in original). Sanctions under Rule 11 may include an award of attorneys' fees. *See* Fed. R. Civ. P. 11(c)(4). Nevertheless, Rule 11 sanctions should be reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

### III. DISCUSSION

In the present motion, the District seeks $29,987.26 in attorneys' fees incurred in litigating Plaintiff's motion for attorneys' fees. *See* Dkt. No. 53. The District seeks these fees directly from Plaintiff's attorney, Nicole Hodge Amey. *Id.* The District contends that the underlying motion for attorneys' fees that Ms. Amey filed was both frivolous and brought for an improper purpose. *See id.* at 7–9.

### A. Frivolousness

A prevailing defendant is entitled to attorneys' fees under the IDEA only if plaintiff's "claim was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *C.W.*, 784 F.3d at 1244 (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978)). "[A] case may be deemed frivolous only when the result is obvious or the . . . arguments of error are wholly without merit."

3

*Id.* (quotation omitted).  The Ninth Circuit, echoing the Supreme Court, has cautioned against "'the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'"  *Id.* (quoting *Christiansburg*, 434 U.S. at 421–22).  "[A] defendant bears the burden of establishing that the fees for which it is asking are in fact incurred solely by virtue of the need to defend against those frivolous claims."  *Id.* at 1250.

Here, the District contends that "Plaintiff's claim for 'prevailing party' attorneys' fees was not supported by any precedent or supported by legal argument."  Dkt. No. 53 at 7.  The District points to the dearth of authority in Plaintiff's briefing, and the fact that, at bottom, the ALJ selected the District's IAES over Plaintiff's.  *See, e.g.*, *id.*; Dkt. No. 59 at 2–5.  In response, Plaintiff urges that she had a reasonable basis for arguing that she was the prevailing party.  She notes that the ALJ specifically indicated that Plaintiff prevailed as to whether the District's initial IAES placement was inappropriate and unsafe for J.M.  *See* Dkt. No. 55 at 2–3, 5.  The ALJ's order also specifically cited Plaintiff's expert witness testimony, finding it "well-reasoned and convincing."  *See id.* at 5.  Plaintiff also highlights the importance in obtaining complete educational records under the IDEA.  *See id.* at 4–5.  Rather than a mere procedural violation, Plaintiff describes obtaining complete records as a foundational guarantee, which provides "parents the ability to make informed decisions about their child's education . . . ."  *Id.* at 5 (citing *Amanda J. v. Clark Cnty. School*, 267 F.3d 877 (9th. Cir. 2001)).

The Court acknowledges that Plaintiff ultimately lost her claim that she was a prevailing party under the IDEA when she raised similar arguments.  However, the Court finds that Plaintiff still had some basis for believing that she was a prevailing party.  As to the choice of IAES, although the ALJ did not adopt Plaintiff's proposed IAES, she was nevertheless successful in obtaining a change in educational placement.  *See id.* at 7–8.  And as to the educational records, even the Ninth Circuit acknowledged on appeal that this was a "nuanced question."  *J.M. v. Oakland Unified Sch. Dist.*, 804 F. App'x 501, 503 (9th Cir. 2020).  The Ninth Circuit echoed Plaintiff's arguments about the central role that access to educational records play under the IDEA.  *Id.*; *see also Amanda J*, 267 F.3d at 894 (holding that plaintiff was denied a free

4

1  appropriate public education because the school district failed to disclose the student's full records
2  to her parents once they were requested). Defendant emphasizes that Plaintiff cites few cases in
3  support of her argument. *See* Dkt. No. 59 at 3. But this is neither surprising, given the fact-
4  intensive nature of the inquiry, nor dispositive. The Ninth Circuit has explained that "when there
5  is very little case law on point and a claim raises a novel question, the claim is much less likely to
6  be considered frivolous." *See C.W.*, 784 F.3d at 1245. Based on the record before it, the Court
7  cannot conclude that Plaintiff's claims were frivolous.

### B. Improper Purpose

In determining whether a claim was filed for an improper purpose, the Court may look to the case law under Federal Rule of Civil Procedure 11. *See C.W.*, 784 F.3d at 1244–45. As an initial matter, "'a non-frivolous claim is never filed for an improper purpose.'" *Id.* at 1248 (quoting *C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011)). A claim may be filed for an improper purpose if it is intended to "harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.* (quotation omitted). Additionally, an improper purpose "may be found where a motion or paper, other than a complaint, is filed in the context of a persistent pattern of clearly abusive litigation activity." *Id.* (quotation omitted).

As the Court explained above, the Court does not find Plaintiff's claims were frivolous. Consequently, Plaintiff did not file them for an improper purpose. *See id.* at 1248. The District's remaining arguments are also not persuasive. Throughout the District's briefing, it appears to raise personal grievances with Ms. Amey and the specter of ethical concerns as to Ms. Amey's behavior during the course of this case. *See, e.g.*, *id.* at 8. The Court understands that counsel may have had difficulty working with Ms. Amey. But the District fails to explain how such conduct, even if true, established an improper purpose in bringing Plaintiff's motion for attorneys' fees.

Awarding fees to school districts under § 1415 is reserved for "rare circumstances." *C.W.*, 784 F.3d at 1244. And the Court does not find, on the record before it, that such rare circumstances exist here. To the extent the District seeks Rule 11 sanctions in the alternative, the Court also declines to exercise its discretion to impose such sanctions for the reasons discussed

above.

IV. **CONCLUSION**

Accordingly, the Court **DENIES** the motion for attorneys' fees.

**IT IS SO ORDERED.**

Dated: 11/12/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge